**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

BRITTANY LEE HENLEY,

    Plaintiff,

-vs-

    Case No.

EQUIFAX INFORMATION
SERVICES LLC; EXPERIAN
INFORMATION SOLUTIONS, INC.;
and TRANS UNION LLC,

    Defendants.

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, BRITTANY LEE HENLEY (hereinafter "Plaintiff"), by and through her undersigned counsel, for her cause of action against Defendants, EQUIFAX INFORMATION SERVICES LLC (hereinafter "Equifax"); EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian"); and TRANS UNION LLC (hereinafter "Trans Union") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.

## PRELIMINARY STATEMENT

1.    This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

1

2.    Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3.    Consumer reporting agencies that create consumer reports, like the CRAs, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.    When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.    The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy". Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION AND VENUE

6.    Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

7.    Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.    Venue is proper in this District as Equifax's principal address is in this District; Defendants transact business within this District; and violations described in this Complaint occurred in this District.

9.    Plaintiff is a natural person and resident of Plaquemines Parish in the State of Louisiana. She is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10.    Equifax is a corporation headquartered at 1550 Peachtree Street, Northwest in Atlanta, Georgia 30309.

11.    Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12.    Equifax disburses such consumer reports to third parties under contract for monetary compensation.

13.    Experian is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Georgia through its registered agent, C T Corporation System, located at 289 S. Culver Street, Lawrenceville, Georgia 30046.

14.    Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Experian is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

15.    Experian disburses such consumer reports to third parties under contract for monetary compensation.

16.    Trans Union is a corporation with its principal place of business in the State of Illinois and is authorized to do business in the State of Georgia through its registered agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

17.    Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Trans Union is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

18.     Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

## **FACTUAL ALLEGATIONS**

19.     Plaintiff is alleged to owe two debts to EdFinancial Services as to student loans. Plaintiff never applied or gave permission to anyone to apply using her information for any student loan accounts with EdFinancial Services.

20.     Further, Plaintiff has not been a student in over ten (10) years.

21.     Upon information and belief, Plaintiff is a victim of identity theft.

22.     On or about July 17, 2024, EdFinancial Services, partial account number ending in x0717, was opened with a balance of $1,002.

23.     On or about July 17, 2024, a second EdFinancial Services, partial account number ending in x0717, was opened with a balance of $584.

24.     In or about July/August 2024, Plaintiff received an email through her Credit Karma account advising Plaintiff of a change in her credit file.

25.     Shortly thereafter, Plaintiff reviewed her credit file and observed the two accounts with EdFinancial Services which did not belong to her.

26.     In or about August 2024, Plaintiff contacted Equifax to dispute the erroneous EdFinancial Services accounts.

27.    Shortly thereafter, Plaintiff received dispute results from Equifax which stated the EdFinancial Services accounts were verified as accurate.

28.    Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

29.    Equifax never attempted to contact Plaintiff during the alleged investigation.

30.    Plaintiff contacted EdFinancial Services for additional information. At that time, Plaintiff advised that the EdFinancial Services accounts were fraudulent, and she was directed to fill out a fraud packet which would be sent to her. Further, Plaintiff was advised that the funds were paid to Southern New Hampshire University.

31.    Plaintiff did receive a copy of the Master Promissory Note for the fraudulent loan. Upon review, Plaintiff observed the date of birth, email, and address were all fraudulent and did not belong to her. Further, the references listed included her mother with an incorrect last name and her husband with an incorrect relation as "friend".

32.    Shortly thereafter, Plaintiff also contacted Southern New Hampshire University who advised that the student to whom the EdFinancial Services accounts benefitted dropped out of school shortly after the funds were deposited.

However, Plaintiff later received documents from EdFinancial Services which continued to reflect an "in-school" status.

33.    On or about October 10, 2024, Plaintiff filed a police report with the Plaquemines Parish Sheriff's Office regarding the fraud and identity theft.

34.    After some time, Plaintiff finally received the fraud packet from EdFinancial Services, which Plaintiff completed and returned to EdFinancial Services on or about November 11, 2024.

35.    In or about November 2024, Plaintiff reviewed her credit file and observed the erroneous EdFinancial Services accounts continued to be reported and a significant decrease in her credit score.

36.    In or about November 2024, Plaintiff contacted Experian and Trans Union to dispute the EdFinancial Services accounts which did not belong to her.

37.    On or about November 18, 2024, Plaintiff received dispute results from Experian which stated both EdFinancial Services accounts were verified as accurate.

38.    Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

39.    Experian never attempted to contact Plaintiff during the alleged investigation.

40.    On or about December 4, 2024, Plaintiff received dispute results from Trans Union which stated both EdFinancial Services accounts were verified as accurate.

41.    Trans Union failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

42.    Trans Union never attempted to contact Plaintiff during the alleged investigation.

43.    On or about November 11, 2024, Plaintiff filed a Federal Trade Commission ("FTC") Identity Theft Report, report number 179981683. In this report, she explained that she was a victim of identity theft and that the EdFinancial Services accounts listed in her credit report did not belong to her.

44.    On or about December 17, 2024, Plaintiff obtained a copy of her Equifax credit report. Upon review, Plaintiff observed EdFinancial Services, partial account number ending in x0717, continued to be reported with a balance of $1,002, and EdFinancial Services, partial account number ending in x0717, continued to be reported with a balance of $584.

45.    On or about December 17, 2024, Plaintiff obtained copies of her Experian and Trans Union credit reports. Upon review, Plaintiff observed EdFinancial Services, partial account number 145464*, continued to be reported

with a balance of $2,037, and EdFinancial Services, partial account number 145464*, continued to be reported with a balance of $1,167.

46.    Due to the inaccurate reporting, on or about December 21, 2024, Plaintiff mailed a detailed dispute letter to the CRAs. In the letter, Plaintiff advised she was a victim of identity theft and that the EdFinancial Services accounts did not belong to her. To confirm her identity, Plaintiff included images of her driver's license, Social Security card, and recent lease agreement in the letter. Further, Plaintiff provided images of the erroneous reporting, images of the fraudulent master promissory note, images of the police report filed with the Plaquemines Parish Sheriff's Office, and other supporting documents.

47.    Plaintiff mailed her detailed dispute letter via USPS Certified Mail to Equifax (9589 0710 5270 0785 8991 17), Experian (9589 0710 5270 0785 8991 00), and Trans Union (9589 0710 5270 0785 8991 24).

48.    As of the filing of this Complaint, Plaintiff has not received a response from the CRAs as to her detailed dispute letter.

49.    Despite Plaintiff's best efforts to have the erroneous reporting corrected, the CRAs continue to inaccurately report the erroneous EdFinancial accounts in Plaintiff's credit file. Accordingly, Plaintiff's damages are ongoing as of the filing of this Complaint.

50.    The CRAs have not conducted an actual investigation despite Plaintiff's pleas, and upon information and belief, simply continues to parrot off the back of the furnisher.

51.    Plaintiff continues to suffer as of the filing of this Complaint with Defendants' reluctance to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

52.    As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

    i.    Monies lost by attempting to fix her credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

    ii.    Loss of time attempting to cure the errors;

    iii.    Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' actions;

    iv.    Apprehensiveness to apply for new credit due to the fear of rejection; and

    v.    Reduction in credit score.

## CAUSES OF ACTION

### COUNT I
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Negligent)

53.     Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-two (52) above as if fully stated herein.

54.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

55.     Equifax allowed for a furnisher to report inaccurate and erroneous accounts to Plaintiff's credit file.

56.     Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

57.     Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

58.     Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

59.    Equifax violated its own policies and procedures by not deleting an account when Plaintiff provided them with the police report filed with the Plaquemines Parish Sheriff's Office and the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

60.    As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; reduction in credit score; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

61.    The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

62.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, BRITTANY LEE HENLEY, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from

further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT II
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Willful)

63.    Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-two (52) above as if fully stated herein.

64.    Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

65.    Equifax allowed for a furnisher to report inaccurate and erroneous accounts to Plaintiff's credit file.

66.    Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

67.    Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

68.    Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

69.    Equifax violated its own policies and procedures by not deleting an account when Plaintiff provided them with the police report filed with the Plaquemines Parish Sheriff's Office and the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

70.    As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; reduction in credit score; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

71.    The conduct, action and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

72.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, BRITTANY LEE HENLEY, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment

14

interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT III
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Negligent)

73.    Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-two (52) above as if fully stated herein.

74.    After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

75.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

76.    Plaintiff provided Equifax with the information it needed to confirm that she was a victim of identity theft. Equifax ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

77.    As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; reduction in credit score; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

78.    The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

79.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, BRITTANY LEE HENLEY, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from

further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT IV
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Willful)

80.    Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-two (52) above as if fully stated herein.

81.    After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

82.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

83.    Plaintiff provided Equifax with the information it needed to confirm that she was a victim of identity theft. Equifax ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

84.    As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; reduction in credit score; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

85.    The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

86.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, BRITTANY LEE HENLEY, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment

interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT V
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

87.    Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-two (52) above as if fully stated herein.

88.    Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

89.    Experian allowed for a furnisher to report inaccurate and erroneous accounts to Plaintiff's credit file.

90.    Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

91.    Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

92.    Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

93.    Experian violated its own policies and procedures by not deleting an account when Plaintiff provided them with the police report filed with the Plaquemines Parish Sheriff's Office and the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

94.    As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; reduction in credit score; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

95.    The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

96.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, BRITTANY LEE HENLEY, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder

from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT VI
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Willful)

97.     Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-two (52) above as if fully stated herein.

98.     Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

99.     Experian allowed for a furnisher to report inaccurate and erroneous accounts to Plaintiff's credit file.

100.    Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

101.    Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

102.    Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

103.  Experian violated its own policies and procedures by not deleting an account when Plaintiff provided them with the police report filed with the Plaquemines Parish Sheriff's Office and the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

104.  As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; reduction in credit score; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

105.  The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

106.  Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, BRITTANY LEE HENLEY, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment

interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT VII
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

107.    Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-two (52) above as if fully stated herein.

108.    After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

109.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

110.   Plaintiff provided Experian with the information it needed to confirm that she was a victim of identity theft. Experian ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

111.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; reduction in credit score; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

112.   The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

113.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, BRITTANY LEE HENLEY, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder

from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT VIII
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Willful)

114.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-two (52) above as if fully stated herein.

115.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

116.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

117.   Plaintiff provided Experian with the information it needed to confirm that she was a victim of identity theft. Experian ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

118.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; reduction in credit score; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

119.   The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

120.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, BRITTANY LEE HENLEY, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment

interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT IX
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Negligent)

121.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-two (52) above as if fully stated herein.

122.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

123.   Trans Union allowed for a furnisher to report inaccurate and erroneous accounts to Plaintiff's credit file.

124.   Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

125.   Trans Union selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

126.   Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

127.   Trans Union violated its own policies and procedures by not deleting an account when Plaintiff provided them with the police report filed with the Plaquemines Parish Sheriff's Office and the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

128.   As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; reduction in credit score; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

129.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

130.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, BRITTANY LEE HENLEY, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment

and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT X
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Willful)

131.    Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-two (52) above as if fully stated herein.

132.    Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

133.    Trans Union allowed for furnisher to report inaccurate and erroneous accounts to Plaintiff's credit file.

134.    Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

135.    Trans Union selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

136.    Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

137.   Trans Union violated its own policies and procedures by not deleting an account when Plaintiff provided them with the police report filed with the Plaquemines Parish Sheriff's Office and the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

138.   As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; reduction in credit score; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

139.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

140.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, BRITTANY LEE HENLEY, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder

30

from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XI
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Trans Union LLC (Negligent)

141.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-two (52) above as if fully stated herein.

142.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

143.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

144.   Plaintiff provided Trans Union with the information it needed to confirm that she was a victim of identity theft. Trans Union ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

145.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; reduction in credit score; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

146.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

147.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, BRITTANY LEE HENLEY, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment

and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XII
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Trans Union LLC (Willful)

148.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-two (52) above as if fully stated herein.

149.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

150.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

151.  Plaintiff provided Trans Union with the information it needed to confirm that she was a victim of identity theft. Trans Union ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

152.  As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; reduction in credit score; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

153.  The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

154.  Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, BRITTANY LEE HENLEY, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder

from further violations of these parts; and such other such relief the Court may deem just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, BRITTANY LEE HENLEY, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, EQUIFAX INFORMATION SERVICES LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; and TRANS UNION LLC, jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 27th day of December 2024.

Respectfully submitted,

*/s/ Octavio Gomez*
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
501 Kennedy Blvd, Suite 610

Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com
*Attorney for Plaintiff*